**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Alicia Velasquez, Adrian Hernandez Flores, Marino
Pinzon Luna, Gonzalo Munoz Coconi, and Domingo Rojas
Amaro, individually and on behalf of all other employees
similarly situated,

Plaintiffs,

- against -

Lities Corp. D/B/A Munch Time Diner, Karikan Donut
Corp. D/B/A Munch Time Diner, Edison Rivera, Rafaela
Estrada; Roberto "Doe" (Last Name Unknown),Vasilos
Lambos, and Achilles Polygerinos,

Defendants

Case No.

**COLLECTIVE ACTION**
**COMPLAINT**

Plaintiffs Alicia Velasquez, Adrian Hernandez Flores, Marino Pinzon Luna, Gonzalo Munoz Coconi, and Domingo Rojas Amaro, (collectively "Plaintiffs"), individually on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants Lities Corp. D/B/A Munch Time Diner, Karikan Donut Corp. D/B/A Munch Time Diner, Edison Rivera, Rafaela Estrada; Roberto "Doe" (Last Name Unknown),Vasilos Lambos, and Achilles Polygerinos (collectively "Defendants"), allege and show the Court the following:

**INTRODUCTION**

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law (the "NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, the minimum wages, the overtime compensation for all hours worked over forty (40) each workweek and the spread of hours premium for all days in which the "spread of hours" exceeds ten (10) hours.

3.     Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest, and (5) attorneys' fees and costs.

4.     Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 142, 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unpaid "Spread of Hours" premium, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (5) liquidated damages equal to the sum of unpaid "Spread of Hours" premium, and unpaid overtime compensation  pursuant to the NY Wage Theft Prevention Act, (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.      Plaintiffs were all employed by Corporate Defendant Lities Corp ("Lities") and/or its predecessor, Corporate Defendant Karikan Donut Corp ("Karikan Donut") for their restaurant, Munch Time Diner located at 21 E 170th St, Bronx, NY 10452.

8.      Plaintiff Alicia Velasquez (hereinafter "Plaintiff Velasquez") is a resident of Bronx County, New York State.

9.      From in or around September 2002 to in or around January 2020, Plaintiff Velasquez was employed by Defendants as a waitress for Defendants' restaurant located at 21 E 170th St, Bronx New York 10452.

10.     Plaintiff Adrian Hernandez Flores (hereinafter "Plaintiff Hernandez Flores") is a resident of Bronx County, New York State.

11.     From in or around December 2018 to in or around March 2020, Plaintiff Hernandez Flores was employed by Defendant Lities as a dishwasher for its restaurant located at 21 E 170th St, Bronx New York 10452.

12.     Plaintiff Marino Pinzon Luna (hereinafter "Plaintiff") is a resident of Bronx County, New York State.

13.     From in or around January 2019 to in or around January 2020, Plaintiff Pinzon Luna was employed by Defendant Lities as a cook for its restaurant located at 21 E 170th St, Bronx New York 10452.

14.     Plaintiff Gonzalo Munoz Coconi (hereinafter "Plaintiff Munoz Coconi") is a resident of Bronx County, New York State.

15.     From on or around July 15, 2019 to on or around December 8, 2019, Plaintiff Munoz Coconi was employed by Defendant Lities as a cook for its restaurant located at 21 E 170th

St, Bronx New York 10452.

16.     Plaintiff Domingo Rojas Amaro (hereinafter "Plaintiff Rojas Amaro") is a resident of Bronx County, New York State.

17.     From in or around September 2019 to February 2, 2020, Plaintiff Rojas Amaro was employed by Defendant Lities as a cook for its restaurant located at 21 E 170th St, Bronx New York 10452.

## **DEFENDANTS**

### *Corporate Defendants*

### ***Lities is a substantial continuity of Karikan Dnut***

18.     Upon information and belief, in or around December 2018, Corporate Defendant Karikan Donut transferred its restaurant located at 21 E 170th ST, Bronx, NY 10452 to Corporate Defendant Lities.

19.     Upon information and belief, at the time of the transfer, Lities was aware of Karikan Donut's practice of failing to pay employees, including Plaintiff Velasquez the requried compensations.

20.     Upon information and belief, Lities is a substantial continuity of Karikan Donut. Upon information and belief, multiple Karikan Donut's employees, including Plaintiffs Velasquez had maintained at Lities to perform the same job duties without reapplying for employment after the transfer. Upon information and belief, Lities run the restaurant with the same business name: Much Time Diner, at the same location, 21 E 170th ST, Bronx, NY 10452 as Karikan Donut did after the transfer.

21.     Therefore, Lities is a substantial continuity of Karikan Donut and Lities and Karikan Donut are a joint employer of Plaintiffs who have worked for both Corporate Defendants.

### Karikan Donut

22.     Upon information and belief, Corporate Defendant Karikan Donut is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 21 E 170th ST, Bronx, NY 10452.

23.     Upon information and belief, at all times relevant hereto Karikan Donut is a business or enterprise engaged in interstate commerce employing more than eleven (11) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

24.     Upon information and belief, at all relevant times hereto, Karikan Donut has been and continues to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

25.     At all relevant times, Karikan Donut constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(s).

26.     Karikan Donut has been employer who have worked for Karikan, including Plaintiffs Velasquez, within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

### Lities

27.     Upon information and belief, Corporate Defendant Lities is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 21 E 170th ST, Bronx, NY 10452.

28.     Upon information and belief, at all times relevant hereto Lities is a business or enterprise engaged in interstate commerce employing more than eleven (11) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

29.     Upon information and belief, at all relevant times hereto, Lities has been and continues to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

30.     At all relevant times, Lities constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(s).

31.     Lities has been employer of all of Plaintiffs within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

### Individual Defendants

32.     Upon information and belief, Defendant Edison Rivera is the officer, director and/or managing agent of Lities located at 21 E 170th ST, Bronx, NY 10452 and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Lities.

33.     Upon information and belief, Defendant Rafaela Estrada is the owner, officer, director and/or managing agent of Lities located at 21 E 170th ST, Bronx, NY 10452 and participated in the day-to-day operations of Lities and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Lities.

34.     Upon information and belief, Defendant Rafaela Estrada manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

35.     Upon information and belief, Defendant Roberto "Doe" (Last Name Unknown), is the owner, officer, director and/or managing agent of Lities located at 21 E 170th ST, Bronx, NY 10452 and participated in the day-to-day operations of Lities and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Lities.

36.     Upon information and belief, Defendant Roberto "Doe" manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

37.     Upon information and belief, Defendant Vasilos Lambos is the chief executive officer, owner, director and/or managing agent of Karikan Donut located at 21 E 170th ST, Bronx, NY 10452 and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Karikan Donut.

38.     Upon information and belief, Defendant Achilles Polygerinos is the owner, officer, director and/or managing agent of Karikan Donut located at 21 E 170th ST, Bronx, NY 10452 and participated in the day-to-day operations of Karikan Donut and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Karikan Donut.

39.     Upon information and belief, Defendant Achilles Polygerinos manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

40.     At all times relevant herein Lities and Karikan Donut continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

41.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Lities and Karikan Donut.

42.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages, overtime compensation, "spread-of-hour" pays and failed to provide them an accurate wage notice at the time of hiring in violation of the NYLL.

43.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

44.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their company for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

45.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

46.    This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

47.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

48.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA;

c. Whether the Defendants failed to pay the Collective Action Members minimum wages for all hours worked in violation of the FLSA and the regulation promulgated thereunder

d. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

49.     Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## **STATEMENT OF FACTS**

50.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

51.     Defendants knew that the nonpayment of minimum wages, overtime pay, spread of hours, failure to provide the required wage notice at the time of hiring and failure to provide the required wage statement with every payment of wages would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

***Plaintiff*** **Alicia Velasquez**

52.     From in or around September 2003 to January 2020, Plaintiff Velasquez was employed by Defendants to work as a waitress at Defendants' restaurant, Munch Time Diner located at 21 E 170th St., Bronx, NY 10452.

53.     From in or around September 2003 to December 2018, that was before the business

was transferred from Karikan Donut to Lities, Plaintiff typically worked five days a week with Monday and Tuesday off. During her workdays, Plaintiff worked from around 9 pm to around 7 am without any uninterrupted break. Therefore, Plaintiff worked around ten (10) hours a day, fifty (50) hours a week.

54.     During this period, Defendants Karikan Donut, Lambos, and Polygerinos paid Plaintiff a weekly fixed rate of $250 regardless of how many hours she worked.

55.     From in or around December 2018 to January 2020, that was after the business was transferred from Karikan Donut to Lities, Plaintiff typically worked six days a week with Tuesday off. During her workdays, Plaintiff worked from around 6 am to around 4 pm without any uninterrupted break. Therefore, Plaintiff worked around ten (10) hours a day, sixty (60) hours a week.

56.     During this period, Plaintiff was paid less than eight (8) dollars. Although Defendants Lities, Rivera, Estrada and Roberto originally promised to pay her eight (8) dollars per hour, the said Defendants have owed Plaintiff salary of $4100. Plaintiff was actually paid less than eight (8) dollars per hour.

57.     Throughout her employment with Defendants, Plaintiff Velasquez was not compensated with minimum wages according to state and federal laws.

58.     Throughout her employment with Defendants, Plaintiff Velasquez was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

59.     Throughout her employment with Defendants, Plaintiff Velasquez was not exempted from the overtime regulations under federal and state laws.

60.     Throughout her employment with Defendants, Plaintiff Velasquez was not compensated with spread of hours premium.

61.     Plaintiff Velasquez was not provided a written wage notice, in English and in Spanish (the primary language identified by Plaintiff) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances claimed by Defendants, and the regular pay day designated by Defendants.

62.     Defendants did not provide Plaintiff Velasquez with a wage statement with every wage payment.

### *Plaintiff Adrian Hernandez Flores*

63.     From in or around December 2018 to in or around March 2020, Plaintiff Hernandez Flores was employed as a dishwasher by Defendants Lities, Rivera, Estrada and Roberto to work at their restaurant located at 21 E 170th St., Bronx, NY 10452.

64.     From in or around December 2018 to in or around June 2019, Plaintiff Hernandez Flores worked six days a week with Wednesday off. During his workdays, Plaintiff Hernandez Flores worked from around 8 am to around 6 pm without any uninterrupted break. Therefore, Plaintiff worked around ten (10) hours a day, sixty (60) hours a week.

65.     From in or around July 2019 to in or around March 2020, Plaintiff Hernandez Flores worked six days a week. During his workdays, Plaintiff Hernandez Flores worked from around 8 am to around 4 pm without any uninterrupted break. Therefore, Plaintiff worked around eight (8) hours a day, forty-eight (48) hours a week.

66.     Throughout his employment, Plaintiff Hernandez Flores was paid less than eleven (11) dollars. Although Defendants Lities, Rivera, Estrada and Roberto originally promised to pay him eleven (11) dollars per hour, the said Defendants have owed Plaintiff salary of $4100. Plaintiff

was actually paid less than eleven (11) dollars per hour.

67.     Throughout his employment, Plaintiff Hernandez Flores was not compensated with minimum wages according to state and federal laws.

68.     Throughout his employment, Plaintiff Hernandez Flores was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

69.     Throughout his employment, Plaintiff Hernandez Flores was not exempted from the overtime regulations under federal and state laws.

70.     Throughout his employment, Plaintiff Hernandez Flores was not compensated with spread of hours premium.

71.     Plaintiff Hernandez Flores was not provided a written wage notice, in English and in Spanish (the primary language identified by Plaintiff) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances claimed by Defendants, and the regular pay day designated by Defendants.

72.     Defendants did not provide Plaintiff Hernandez Flores with a wage statement with every wage payment.

### *Plaintiff Marino Pinzon Luna*

73.     From in or around January 2019 to January 2020, Plaintiff Pinzon Luna was employed as a cook by Defendants Lities, Rivera, Estrada and Roberto to work at their restaurant located at 21 E 170th St., Bronx, NY 10452.

74.     Throughout his employment, Plaintiff Pinzon Luna typically worked seven days a week except that every two other weeks, he worked six days a week with Wednesday off. During his workdays, Plaintiff Pinzon Luna worked from around 6 am to around 6 pm without any uninterrupted break. Therefore, Plaintiff worked around twelve (12) hours a day, usually eighty-

four (84) hours a week and seventy-two (72) hours a week every two other weeks.

75.     Throughout his employment, Plaintiff Pinzon Luna was paid less than fifteen (15) dollars. Although Defendants Lities, Rivera, Estrada and Roberto originally promised to pay him fifteen (15) dollars per hour, the said Defendants have owed Plaintiff salary of $3000. Plaintiff was actually paid less than fifteen (15) dollars per hour.

76.     Throughout his employment, Plaintiff Pinzon Luna was not compensated with minimum wages according to state and federal laws.

77.     Throughout his employment, Plaintiff Pinzon Luna was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

78.     Throughout his employment, Plaintiff F Pinzon Luna was not exempted from the overtime regulations under federal and state laws.

79.     Throughout his employment, Plaintiff Pinzon Luna was not compensated with spread of hours premium.

80.     Plaintiff Pinzon Luna was not provided a written wage notice, in English and in Spanish (the primary language identified by Plaintiff) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances claimed by Defendants, and the regular pay day designated by Defendants.

81.     Defendants did not provide Plaintiff Pinzon Luna with a wage statement with every wage payment.

***Plaintiff Gonzalo Munoz Coconi***

82.     From on or around July 15, 2019 to on or around December 8, 2019, Plaintiff Munoz Coconi was employed as a cook by Defendants Lities, Rivera, Estrada and Roberto to work at their restaurant located at 21 E 170th St., Bronx, NY 10452.

83.   Throughout his employment, Plaintiff Munoz Coconi worked seven days a week. During his workdays, Plaintiff Munoz Coconi worked from around 6 am to around 6 pm without any uninterrupted break. Therefore, Plaintiff worked around twelve (12) hours a day, seventy-two (72) hours a week.

84.   Throughout his employment, Plaintiff Munoz Coconi was paid less than fourteen (14) dollars. Although Defendants Lities, Rivera, Estrada and Roberto originally promised to pay him fourteen (14) dollars per hour, the said Defendants have owed Plaintiff salary of $8900. Plaintiff was actually paid less than fourteen (14) dollars per hour.

85.   Throughout his employment, Plaintiff Munoz Coconi was not compensated with minimum wages according to state and federal laws.

86.   Throughout his employment, Plaintiff Munoz Coconi was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

87.   Throughout his employment, Plaintiff F Munoz Coconi was not exempted from the overtime regulations under federal and state laws.

88.   Throughout his employment, Plaintiff Munoz Coconi was not compensated with spread of hours premium.

89.   Plaintiff Munoz Coconi was not provided a written wage notice, in English and in Spanish (the primary language identified by Plaintiff) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances claimed by Defendants, and the regular pay day designated by Defendants.

90.   Defendants did not provide Plaintiff Munoz Coconi with a wage statement with every wage payment.

*Plaintiff Domingo Rojas Amaro*

91.     From in or around September 2019 to February 2, *2020*, Plaintiff Rojas Amaro was employed as a cook by Defendants Lities, Rivera, Estrada and Roberto to work their restaurant located at 21 E 170th St., Bronx, NY 10452.

92.     From in or around September 2019 to late January 2020, Plaintiff Rojas Amaro worked seven days a week. During his workdays, Plaintiff Rojas Amaro worked from around 11 am to around 10 pm without any uninterrupted break. Therefore, Plaintiff worked around eleven (11) hours a day, seventy-seven (77) hours a week.

93.     From in or around late January 2020 to February 2, 2020, Plaintiff Rojas Amaro worked seven days a week with different daily schedule. During his workdays, Plaintiff Rojas Amaro worked from around 12 pm to around 10 pm without any uninterrupted break. Therefore, Plaintiff worked around ten (10) hours a day, seventy (70) hours a week.

94.     Throughout his employment, Plaintiff Rojas Amaro was paid less than thirteen (13) dollars. Although Defendants Lities, Rivera, Estrada and Roberto originally promised to pay him thirteen (13) dollars per hour, the said Defendants have owed Plaintiff salary of $3,913. Plaintiff was actually paid less than thirteen (13) dollars per hour.

95.     Throughout his employment, Plaintiff Rojas Amaro was not compensated with minimum wages according to state and federal laws.

96.     Throughout his employment, Plaintiff Rojas Amaro was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

97.     Throughout his employment, Plaintiff Rojas Amaro was not exempted from the overtime regulations under federal and state laws.

98.     Throughout his employment, Plaintiff Rojas Amaro was not compensated with spread of hours premium.

99.     Plaintiff Rojas Amaro was not provided a written wage notice, in English and in Spanish (the primary language identified by Plaintiff) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances claimed by Defendants, and the regular pay day designated by Defendants.

100.    Defendants did not provide Plaintiff Rojas Amaro with a wage statement with every wage payment.

## STATEMENT OF CLAIMS

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of Plaintiffs and the FLSA Collective]**

101.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

102.    At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

103.    At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

104.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

105.    The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

106.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

107.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

108.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—
### Minimum Wage Brought on behalf of Plaintiffs]

109.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

110.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

111.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

112.     Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III

### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

113.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

114.   The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

115.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

116.   Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime premiums violated the FLSA.

117.   At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

118.   The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

119.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

120.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiffs]**

121.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

122.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

123.    Defendants' failure to pay Plaintiffs their overtime premiums violated the NYLL.

124.    Defendants' failure to pay Plaintiffs was not in good faith.

**COUNT V**
**[Violation of New York Labor Law—Spread of Hours**
**Brought on behalf of Plaintiffs]**

125.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

126.    The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137-1.7, 12 NYCRR § 142-2.2, 12 NYCRR § 142-2.4, 12 NYCRR 146-1.6 (effective 1/1/2011, formerly 12 NYCRR § 137-1.7), New York State Department of Labor Regulations § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten. This "spread of hours" regulation is applicable even if there is a split shift.

127.    Throughout their employment with Defendants, Plaintiffs routinely worked a "spread of hours" of over ten hours per day.

128.    All Plaintiffs regularly worked for shifts over ten hours per day but were not paid an extra hour of pay at full minimum wage rate for any of such days.

129.    Despite the fact that Plaintiffs routinely worked a "spread-of-hours" greater than ten hours per day during certain employment period with Defendants, Defendants did not pay Plaintiffs any additional compensation as required by the regulations.

130.    Defendants' failure to pay spread of hours compensation was willful and intentional.

## COUNT VI
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on Behalf of Plaintiffs]**

131.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

132.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip,

meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

133.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

134.    Defendants not only did not provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiffs thereafter.

135.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on Behalf of Plaintiffs]

136.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

137.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

138.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiffs and did not provide the paystub on or after each Plaintiffs' payday.

139.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, Plaintiffs, respectfully request that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      Award Plaintiffs unpaid minimum wages due under the FLSA and the New York Labor Law;

g)      Award Plaintiffs unpaid overtime wages due under the FLSA and the New York Labor Law;

h)      Award Plaintiffs "spread of hours" pay in the amount of one time of the then-applicable minimum wage rate for each day Plaintiffs worked ten or more hours in a workday pursuant to New York Labor Law and its regulations;

i)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages, and "spread of hours" premium pursuant to the Fair Labor Standards Act and New York Labor Law;

j)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL;

k)      The cost and disbursements of this action;

l)      An award of prejudgment and post-judgment fees; and

m)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  Flushing, New York, June 2, 2020          HANG & ASSOCIATES, PLLC.

*/S YUEZHU LIU*
Yuezhu Liu, Esq.
136-20 38th Ave., Suite 10G
Flushing, New York 11354
Tel: 718-353-8588
Fax: 718-353-6288
yliu@hanglaw.com
*Attorneys for Plaintiffs*